IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH DZWONKOWSKI, SR.,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 05-0544-KD-C |
| **JOSEPH DZWONKOWSKI, JR., et al.,** | |
| Defendants. | |

**ORDER**

This cause is before the court on plaintiff's Second Amended Complaint, which states several claims based on violations of federal criminal statutes. In its order of May 2, 2006, (doc. 49) the court raised, *sua sponte,* the jurisdictional issue of plaintiff's standing to make claims based on criminal statutes and, alternatively, the applicability of *Colorado River* abstention to any remaining claims. The parties were allowed an opportunity to brief the issues. Both plaintiff and defendants have exceeded the page limitation set by the local rules. Defendants have sought leave to exceed that limit. Doc. 60. To avoid prejudice to any legitimate interests of either party, the court will consider the excess pages.

Also before the court are the plaintiff's Motion for Leave to File Third Amended Complaint[1] (doc. 64) and Motion for Leave to File a Motion to Realign Sonitrol of Mobile, Inc. as a party plaintiff (doc. 63), and defendants' Motion for Leave to File Motion to Strike (doc. 66) those motions. The court finds that it lacks jurisdiction over the claims in the Second Amended Complaint and denies leave to file a further amended complaint. Accordingly, plaintiff's Motion to Realign

---

[1] This motion supercedes the similar motion contained in the body of plaintiff's Response (doc. 54) to the court's order (doc. 49) raising issues of standing and abstention.

is futile. Thus, the court denies the plaintiff's Motion for Leave to File the Motion to Realign. Defendants' Motion to Strike is denied as moot.

## Background

This case "concerns an intrafamily dispute between Joseph Dzwonkowski, Sr. ("Joe Sr.," or "the father"), and two of his sons, Robert Dzwonkowski and Joseph Dzwonkowski, Jr. ("Joe Jr.," or collectively "the sons"), as to the ownership and control of Sonitrol of Mobile, Inc., a closely held corporation doing business in Mobile County. The parties are shareholders and directors of Sonitrol." *Dzwonkowski v. Dzwonkowski*, 854 So.2d 598 (Ala.Civ.App. 2002) (*Dzwonkowski I*). Having been dissatisfied with the outcome of approximately six years of litigation in the state courts [the action was filed in 1999], and before a determination of damages and entry of a final judgment, plaintiff filed the instant suit in this court.

The nature and history of the state litigation are summarized in the Alabama Supreme Court's reported decision dismissing plaintiff's second appeal. *Dzwonkowski v. Sonitrol of Mobile, Inc.*, 892 So.2d 354, 356-61 (Ala.Civ.App. 2004) (*Dzwonkowski II*). In sum, the trial court held a trial before an advisory jury on two counter-claims seeking a declaration concerning the ownership of the contested shares of stock. During the proceedings, the trial court entered a default judgment against Joe Sr. on the counterclaims and dismissed his claims against Sonitrol, Robert, and Joe Jr. *Id.* at 357. This judgment was a sanction based on Joe Sr.'s "abuse of the judicial system". Before the trial court made a determination of damages on defendants' counter-claims, it directed entry of final judgment pursuant to Ala.R.Civ.P. 54(b). The appellate court ruled that the trial court's Rule 54(b) judgment was an abuse of discretion and thus that the appellate court lacked jurisdiction over the appeal and remanded the case to the trial court.

Following remand, the trial court rebuffed plaintiff's attempts to relitigate the merits of the dismissed claims and defaulted counterclaims. Response (doc. 54) at 16-18. It ordered that the parties were to submit the issue of damages on affidavits. *Id.*, at 18 (referencing trial court's order of September 22, 2005). Plaintiff filed the instant action on September 27, 2005.[2]

Plaintiff's original federal complaint contained seven counts brought under §1983, claiming violations of equal protection and due process in the state litigation. After briefing on defendants' Motion to Dismiss (doc. 7), but before entry of a ruling, plaintiff filed his First Amended Complaint (docs. 29, 50). That pleading completely altered the causes of action stated in the original complaint; it contained a single narrow claim under §1983,[3] and replaced the other claims with claims of civil conspiracy and of violations of RICO's civil provisions and three federal criminal statutes. Plaintiff also sought to add several parties as defendants, including defendants' counsel and their respective law firms, and purported to realign the corporations at issue as plaintiffs. The court stayed proceedings against the newly-named defendants pending a determination on jurisdictional issues discussed below. Because plaintiff had brought the amendment as a Motion to Amend[4], defendants responded, arguing that the amendment was futile for various reasons, violated an injunction entered by the state court, and that any remaining claims were subject to abstention.

Rather than reply, plaintiff again filed a Motion for Leave to File his Second Amended

---

[2] The parties have mentioned a stay in the state court proceedings, but the basis for that stay does not appear in the record presented herein. Regardless, that litigation has not proceeded to judgment.

[3] Plaintiff asserted that the state trial court's order of dismissal and its entry of default were made without notice and violated plaintiff's due process and equal protection rights.

[4] The court denied the Motion to Amend as moot (doc. 49), given that it was filed prior to a responsive pleading by defendant. See Fed.R.Civ.P. 15(a).

3

Complaint (doc. 47). The proposed second amendment significantly altered the prior pleading; it replaced the civil RICO claim with two claims under the criminal RICO provisions, 18 U.S.C. §1962 (c) & (d). The remaining five claims were brought under federal criminal code provisions. According to plaintiff,

> The principal issue presented in the superseding amended complaint is:
> Whether a March 3, 2000, Order of the Mobile County, Alabama Circuit Court, reversed and remanded, [cite], has continued validly to enjoin, bar, and prohibit plaintiff from enjoying the rights, privileges, and benefits associated with being the majority shareholder of Sonitrol of Mobile, Inc, and Alabama corporation, and from engaging in transactions in the name of Sonitrol of Mobile, Inc."
> Resolving this issue is central to a resolution of claims for relief 1 and 2 of the superseding amended complaint (and the complaint as well). The remaining claims for relief involves [sic] criminal conduct, engaged in by the named defendants resulting in injury to the named plaintiffs of the superseding amended complaint.

Doc 47 at 2.

In an order (doc. 49) dated May 2, 2006, the court noted plaintiff's 'moving target' approach but allowed the second amendment because no discovery had been conducted and because granting the motion was "in the interest of proceeding with a stable statement of plaintiff's claims." However, the court expressly stated that "[a]ny further requests for amendment will be carefully scrutinized and a clear showing of necessity and the interests of justice will be required." Order at 3. The court raised the issue of plaintiff's standing to bring each of the claims in the Second Amended Complaint and allowed briefing on that issue as well as briefing on the applicability of *Colorado River* abstention. The court also stayed any other proceedings pending a ruling on those issues. Despite the court's order, plaintiff has made two additional motions to amend, one in the body of his Response to the court's order on jurisdiction and another thereafter (docs 65) which superceded the motion made in the Response.

Motion to File Third Amended Complaint

As set out *supra*, Plaintiff asserted §1983 claims in his Original Complaint and §1983 and civil RICO claims in his First Amended Complaint. Plaintiff dropped these in his Second Amended Complaint after defendants' argued that they were subject to dismissal. The Second Amended Complaint, which is addressed *infra*, proceeded on a criminal liability theory. After the Second Amended Complaint was challenged by the defendants and questioned by the court the plaintiff responded by requesting leave to file a Third Amended Complaint. The proposed Third Amended Complaint drops any criminal liability assertions and reasserts civil RICO and §1983 claims.

The court has previously noted plaintiff's "moving target" approach to this litigation. Doc. 49. In his Motion for Leave to File (doc. 46) his Second Amended Complaint, plaintiff represented that this time his pleading was "carefully drafted," that it "present[ed] only clearly defined federal claims" and that plaintiff "d[id] not anticipate any additional amendments." Doc. 46 at 1-2. In granting plaintiff's Motion for Leave to File Second Amended Complaint, the court held that, because of plaintiff's pattern of amending his pleadings to make wholesale changes to his claims after opposition but before a ruling, "[a]ny further requests for amendment will be carefully scrutinized and a clear showing of necessity and the interests of justice will be required." Plaintiff has failed to make such a showing.

Plaintiff's Motion for Leave (doc. 64) consists of two sentences, reciting that the amendment is in accord with the court's prior orders and noting that no discovery or meeting of the parties has yet occurred in this case. Plaintiff's Response (doc. 54) to the court's order had also contained a bare-bones Motion for Leave to File Third Amended Complaint in addition to the text of the proposed amended complaint. Response, at p. 50, *et seq*. Plaintiff simply states that his motion is "[p]redicated on the foregoing presentation." *Id.* at 50.

5

Presumably, despite the plaintiff's inclusion of his proposed amendment in the response on the issues of standing and abstention, the court is supposed to search that document for grounds for the amendment. The court has read plaintiff's response thoroughly. Stripped of irrelevancies, plaintiff's argument in favor of a further wholesale amendment is nothing more than a tacit acknowledgment that he will lose on the current set of claims. The bare request that plaintiff be allowed, yet again, to avoid an adverse ruling by the expedient of recasting his claims is insufficient to demonstrate that justice requires that the amendment be granted. His motion does not constitute "a clear showing of necessity and the interests of justice" as ordered by the court.

Additionally, the court finds that plaintiff's motion to file a Third Amended Complaint amend is due to be denied for other reasons. Despite the liberality of Rule 15, a court may deny leave to amend for an "apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc....." *Foman v. Davis*, 371 U.S. 178 182 (1962). Clearly, plaintiff has had repeated opportunities to cure deficiencies in his pleadings, but has failed to do so. Further, the court finds that plaintiff's 'moving target' approach to this litigation demonstrates a dilatory motive and unduly prejudices the defendants, who have responded to each and every statement of plaintiff's claims without obtaining review by the court. The repeated wholesale alteration of the claims also interferes with the court's interest in addressing the merits of the claims and reaching a final determination. The court's research and work preparatory to entering orders on each of the prior pleadings has been wasted. Plaintiff, having obtained leave to amend a second time through representations that his amendment was carefully considered and cured the former deficiencies, now

seeks to amend yet again in order to reinstate several causes of action he had previously dismissed[5] in response to defendants' arguments and to introduce still more claims.

Also, though the court does not reach this issue, all of plaintiff's claims in the proposed Third Amended Complaint are related to or arise from the rulings of the state court in the underlying litigation and appear to be subject to *Colorado River* abstention doctrine. Additionally, several of the claims appear on their face to be subject to dismissal on other grounds previously stated by defendant or noted by the court.

For the foregoing reasons, the court denies plaintiff's Motion for Leave to File Third Amended Complaint and his Motion to Realign Sonitrol.

## Jurisdiction

In his Response(doc. 54), plaintiff acknowledges that he lacks standing to raise certain of his claims. Specifically, plaintiff admits that his Fifth, Sixth and Seventh Claims, asserting claims for tax fraud, bank fraud, and money laundering, respectively, are due to be dismissed. Response at 43.

Count One of the Second Amended Complaint states a claim of conspiracy to violate 18 U.S.C. §242. Count Two claims a conspiracy to violate 18 U.S.C. §§242 and 371. As noted by the court in its prior order, "it has been held in innumerable cases that 18 U.S.C.§242 provides no private cause of action and does not authorize a civil remedy" and that section 371 "has also been held to create no private right of action." Doc. 49 at 5-6 (collecting cases). Plaintiff lacks standing to seek a criminal remedy. See *Bolin v. Chavez*, 210 F.3d 389 (table), 2000 WL 339176 (10th Cir.);

---

[5] Plaintiff's wholesale amendment of the complaint in effect operated as a voluntary dismissal of his prior claims. See Fed.R.Civ.P. 41 (a). Were the court to allow plaintiff to re-plead these claims, it would be appropriate to tax plaintiff with attorneys' fees for defendant. See Fed.R.Civ.P. 41(d).

*Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989).

Counts Three and Four of the Second Amended Complaint cite 18 U.S.C. §1962 (d) and (c), respectively. Those sections are the criminal provisions outlawing certain specific racketeering activities. The court had previously indicated (doc. 49 at 7) that it appeared that plaintiff intended to cite the civil portions of the statute. However, as defendants have demonstrated plaintiff had previously stated claims under the civil RICO provisions and amended his pleading to replace those claims with the criminal versions after being challenged on the timeliness of the civil claims.[6] There is no basis to deem the citation of the criminal RICO provisions as accidental misstatements.

Plaintiff lacks standing to pursue a remedy under the criminal provisions of the RICO statute which "foresee[] criminal law enforcement by the Federal Government." *Anza v. Ideal Steel Supply Corp.*, — U.S. —, —, 126 S.Ct. 1991, 2009 (2006). It appears plaintiff intentionally deleted all reference in the Second Amended Complaint to the statute's civil remedies of §1964(c) for tactical purposes. Plaintiff's claims for violation of the criminal provisions of the RICO statute are due to be dismissed for lack of standing.

## Conclusion

Accordingly, it is hereby **ORDERED**

1) that Defendant's Motion to Strike (doc. 66) is **DENIED as moot**;

2) that plaintiff's Motion for Leave to File Third Amended Complaint is **DENIED**;

---

[6]Defendants response to the Motion to File First Amended Complaint included a facially-compelling argument that plaintiff's RICO claims were time-barred. In its order (doc. 49) raising the issues of standing and *Colorado River* abstention, the court indicated that it believed that the citation to the criminal RICO provision might have been a simple drafting error. In their Response (doc. 62), defendants pointed out that plaintiff had previously stated a civil RICO claim and had changed it intentionally in an attempt to obtain a more favorable limitations period.

8

3) that plaintiff's Motion to File Motion to Realign Sonitrol of Mobile, Inc., as a Party Plaintiff is **DENIED**; and

4) that all claims in plaintiff's Second Amended Complaint are **DISMISSED** for lack of standing.

**DONE** this the 19th day of July, 2006.

<pre>
                            s/ Kristi K. DuBose
                            KRISTI K. DuBOSE
                            UNITED STATES DISTRICT JUDGE
</pre>